UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT ASHLAND
CIVIL ACTION NO. 13-81-WOB-JGW

GRANT LAMBERT                                                           PETITIONER

V.

TERRY ELDER, JAILER                                                     RESPONDENT

## REPORT AND RECOMMENDATION

Pending is petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.[1] Doc. 10. Page two of the petition provides that petitioner currently has an appeal pending in the Kentucky Court of Appeals. The website for the Kentucky Court of Appeals[2] confirms that such an appeal is pending as Case No. 2013-CA-000585, *Grant W. Lambert v. Commonwealth of Kentucky*. "A habeas petition should not be considered in federal court when a state appeal or post-conviction motion remains pending." *Mealer v. Bell*, 2010 WL 4788490, at *2 (M.D.Tenn. Nov. 16, 2010). Petitioner's prematurely filed §2254 petition accordingly should be dismissed.

For the foregoing reasons, it is **RECOMMENDED** that the §2254 petition for habeas corpus relief [Doc. 10] be **dismissed without prejudice**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed.

---

[1] Petitioner originally filed a handwritten §2254 petition in the United States District Court for the Western District of Kentucky. Doc. 1. In April 2013, Senior Judge Simpson granted petitioner's motion for leave to proceed in forma pauperis and ordered petitioner to submit a new §2254 petition using the proper form. Doc. 6. After petitioner submitted the pending §2254 petition, Judge Simpson ordered the action transferred to this Court. Doc. 12.

[2] The status of the appeal may be found by entering the aforementioned case number at http://apps.courts.ky.gov/Appeals/COA_Dockets.shtm.

1

R. Civ. P. 72(b)(2); *see also United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 21st day of August, 2013.



Signed By:
J. Gregory Wehrman
United States Magistrate Judge

G:\Larry\2254 starting April 2011\13-81ashland, lambert, r&r dismissal because state appeal pending.wpd